# CASES

# FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1908.

---

## George Willard v. Pennsylvania Company.

### Gen. No. 13,786.

CONTRACTS—*when implied promise does not arise.* *Held*, that a district attorney of a railroad company, employed on a salary, cannot recover compensation for the signing of appeal bonds as surety for such company in the absence of an express contract or promise.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 20, 1908.

PLINY B. SMITH, for plaintiff in error.

LOESCH, SCOFIELD & LOESCH, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is a writ of error by the plaintiff to reverse a judgment of the Municipal Court entered on a directed verdict for the defendant in an action of *assumpsit*.

Plaintiff was from 1880 to some time in 1906 the district solicitor of the defendant in Illinois, was paid a fixed salary for his services, payable monthly, and was at the same time engaged in general practice.

During the time he was such solicitor he signed a large number of appeal bonds as surety for the defendant. No claim was made by plaintiff for compensation for signing said bonds as surety until November, 1906, and December 18, 1906, this suit was brought to recover such compensation. The defendant pleaded the general issue and the five-years Statute of Limitations and the right to recover, if there can be a recovery, is limited to bonds signed after December 18, 1901.

November 7, 1901, the general counsel of the defendant wrote plaintiff that the arrangement in regard to the former general counsel of the company becoming surety on the bonds of defendant had been terminated by his death, and that: "We will, therefore, be obliged to secure the name of someone who will be willing to act as surety on our bonds, or make some arrangement with a surety company for the purpose. If you are obliged to make an arrangement with a guaranty company, negotiate for as low a compensation as possible as the risk, as you know, is small." No arrangement with any person or company to become surety on appeal bonds of the defendant appears to have been made, and plaintiff continued to sign such bonds as surety. October 17, 1905, in answer to a request of the general counsel of the defendant for a list of appeal bonds given by defendant, plaintiff sent a list of such bonds given in his district from January 1, 1902, to date, and wrote as follows: "With one exception it appears that I am the sole surety. This has been because of the small risk incurred, and the time and labor required and formalities to be gone through with in order to get signatures of guarantee companies as surety."

The plaintiff offered no evidence tending to show either a request from the defendant that he sign any of said bonds as surety, or a promise to pay him for signing the same, but gave evidence showing that defendant knew of his signing said bonds as its surety, and that the usual compensation charged by guaranty

companies for becoming surety on the bonds on which plaintiff became surety after December 18, 1901, would amount to $221.75. The defendant offered no evidence. The services which the plaintiff was required to perform under his employment as district solicitor were prescribed by the by-laws of the defendant. He was required to represent the defendant in the suits and proceedings in which said appeal bond were given.

The contention of plaintiff in error is, that from the beneficial nature to the defendant of the services of the plaintiff in becoming surety for the defendant on said appeal bonds, and their acceptance by the defendant, an implied promise arose by the defendant to pay the plaintiff the reasonable value of such services. Whether the law would imply such a promise in the absence of any contract of employment between the parties it is not necessary to decide. There was an express contract of employment. Under the contract it was the duty of the plaintiff to do what was necessary to perfect appeals, other than the mere signing of the appeal bond. He saw fit, during the course of his employment, covering more than a quarter of a century, to himself sign such bonds. In 1901 he was authorized by the defendant to secure some person or corporation to sign such bonds as surety. Instead of doing this, he continued to sign such bonds himself as surety, and did so in his own words, "because of the small risk involved and the time, labor and formalities necessary to be gone through with in order to get the signatures of guarantee companies."

If he had expected to be paid for his services in signing such bonds, in addition to his salary as district solicitor, he would have applied for such additional compensation to his employer as would be natural and usual in human dealings.

In view of the employment of the plaintiff by the defendant, the fact that the services for which compensation is here sought to be recovered were of a

nature so nearly similar to the regular duties of the plaintiff, and that no application was made by the plaintiff to the defendant for compensation for signing said bonds while he was in the employment of the defendant, we think that the plaintiff was not, in the absence of an express contract or promise, entitled to recover and that the trial court, therefore, did not err in directing a verdict for the defendant. Cany v. Halleck, Exr., 9 Calif. 198; Ross v. Hardin, 79 N. Y. 84.

The judgment of the Municipal Court will be affirmed.

*Affirmed.*